IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 99-033-2-JJF |
| | : | |
| | : | |
| LEROY COLEY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

Colm F. Connolly, Esquire, United States Attorney, Richard G. Andrews, Esquire, First Assistant United States Attorney of the UNITED STATES DEPARTMENT OF JUSTICE, Wilmington, Delaware. Attorney for Plaintiff.

Leroy Coley, Pro Se Defendant.

**MEMORANDUM OPINION**

May 6, 2005
Wilmington, Delaware

Farnan, District Judge

    Pending before the Court are seven motions filed by Defendant Leroy Colely: (1) Motion For Expansion Of Record Supplement To [sic] 28 U.S.C. § 2255 (D.I. 264); (2) Motion For Modification Of Sentence Pursuant To 18 U.S.C. § 3582(c) (D.I. 267); (3) Motion To Correct Sentence Pursuant To Rule 60(b) (D.I. 266); (4) Motion To Correct Sentence Pursuant To Rule 60(b) Title 28 U.S.C. [sic] (D.I. 270); (5) Motion To Amend Motion To Correct Sentence Rule 60(b) (D.I. 271); (6) Motion To Amend 60(b), (4), (5), (6) (D.I. 272); and (7) Motion To Amend 60(b)(4), (5), (6) (D.I. 286). For the reasons discussed the Court will deny as moot Plaintiff's motion to supplement his Section 2255 motion (D.I. 264); grant his motions to amend his Rule 60(b) motion (D.I. 271, 272, 286), deny his motion for modification of sentence (D.I. 267), deny his amended motions to correct sentence under Rule 60(b), and in the alternative, dismiss his Rule 60(b) Motions (D.I. 266, 270) as unauthorized second or successive motions under 28 U.S.C. § 2255.

## BACKGROUND

    On February 9, 2004, the Court denied Defendant's Motion To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody ("Section 2255 Motion") concluding that Defendants' claims were either procedurally barred or substantively without merit. Defendant did not appeal the Court's February 9, 2004

1

Order.

Defendant then filed a motion to amend his already adjudicated Section 2255 motion, and a motion to modify his sentence alleging that his 121 month sentence was extreme and unfair because he had never been incarcerated before and had a drug addiction problem. Defendant also filed two motions to correct sentence under Rule 60(b) alleging that his sentence is unconstitutional under Blakely v. Washington, 124 S. Ct. 2531 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000), and several motions to amend his Rule 60(b) motions.

## DISCUSSION

**I.   Motion To Supplement His Original Section 2255 Motion**

Defendant has filed a Motion For Expansion Of Record Supplement To [sic] 28 U.S.C. 2255 (D.I. 264). By his Motion, Defendant seeks to supplement his original Section 2255 Motion to allege that his Sixth Amendment right to a jury trial was denied, because drug quantity was not specified in the Indictment and was not submitted to the jury.

In his original Section 2255 Motion, Defendant raised the same issues he seeks to raise through his motion to supplement. The Court addressed these issues in its February 9, 2004 Memorandum Opinion and concluded that Defendant was not entitled to relief. Because Defendant's original Section 2255 motion has already been decided, any attempts to amend or supplement that

2

original motion are moot. Accordingly, the Court will deny as moot Defendant's motions to supplement his original Section 2255 motion.

## II. Motion For Modification Of Sentence Pursuant To 18 U.S.C. § 3582(c)

Defendant next contends that a reduction of his sentence is appropriate under 18 U.S.C. § 3582(c), because he was a drug addict at the time of his sentencing and he has had a model record in prison, including serving over half his sentence and taking college courses. Specifically, Defendant requests relief under "18 U.S.C. § 3582 (c)(i)"; however, there is no subsection designated as "(c)(i)." The only reference to a subparagraph "(i)" is in the context of Section 3582(c)(1)(A)(i), which permits a reduction of sentence if, after considering the factors set forth in Section 3553(a), the Court finds that "extraordinary and compelling reasons warrant such a reduction." However, for Section 3582(c)(1)(A)(i) to be applicable, the motion for relief must be made by the Director of the Bureau of Prisons. Because Defendant is not authorized to bring a motion under this section, the Court concludes that he is not entitled to relief.

To the extent Defendant seeks relief based on his post-sentencing rehabilitative efforts, the Court also denies his request for relief. While Defendant's efforts toward rehabilitation are certainly commendable, they do not provide a basis upon which this Court can reduce his sentence. See United

3

States v. Medley, 168 F. Supp. 2d 293 (D. Del. 2001) (collecting cases interpreting United States v. Sally, 116 F.3d 76 (3d Cir. 1997) to apply only to post-conviction, pre-sentence conduct). Accordingly, the Court will deny Defendant's request for modification of sentence.

### III. Rule 60(b) Motions

Defendant also moves for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Defendant filed two motions to Correct Sentence Pursuant To Rule 60(b), both of which appear substantively identical except for slight changes in the title of the motions. (D.I. 266, 270). By these motions, Defendant contends that his sentence violates his right to a jury trial under Blakely v. Washington, 124 S. Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000). Defendant also filed several motions to amend. Defendant's first motion to amend contains no additional substantive allegations but requests relief under Rule 60(b)(6). (D.I. 271). Defendant's second motion to amend asserts the same substantive allegations as his two Rule 60(b) motions, but adds that relief is sought under Rule 60(b)(4), (5) and (6). (D.I. 272). Defendants most recent motion to amend reiterates his claim that his right to a jury trial was violated, but cites United States v. Booker, 125 S. Ct. 738 (2005). The Court will grant Defendant's motions to amend, so that the claims he raises can be addressed together.

4

A.  Defendant's Apprendi Claim

Although characterized as a claim brought pursuant to Rule 60(b), Defendant's claim under Apprendi that drug quantities were not specified in the Indictment or proven to a jury beyond a reasonable doubt is properly adjudicated under Section 2255. Defendant's Apprendi claim was adjudicated on the merits, and therefore, to the extent Defendant raises an Apprendi claim in this context, his request for relief is properly considered a second or successive Section 2255 motion. Because the Court has already adjudicated Defendant's claim in his first Section 2255 motion, the Court concludes that this claim should be dismissed. 28 U.S.C. § 2244(b)(1).

To the extent that Defendant reiterates his Apprendi claim to challenge the manner in which his previous Section 2255 judgment was procured, the Court concludes that Defendant has not satisfied the standards for relief under Rule 60(b). In pertinent part, Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective

5

application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Defendant has not advanced any grounds justifying relief under any of the subsections of Rule 60(b). The Third Circuit has recognized that "legal error does not by itself warrant the application of Rule 60(b)." Pridgen v. Shannon, 380 F.3d 721, 728 (3d Cir. 2004) (quoting Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 912 (3d Cir. 1977)). With respect to Rule 60(b)(6) in particular, the Third Circuit has held that only "extraordinary and special circumstances justify relief" under this section. Id. (quoting Page v. Schweiker, 786 F.2d 150, 158 (3d Cir. 1986)). Defendant has not advanced any extraordinary or special circumstances justifying relief, and therefore, the Court will deny Defendant's motions to the extent that they can be considered Rule 60(b) motions.

  B. Defendant's Blakely and Booker Claims

As for Defendant's claims under Blakely and Booker, the Court concludes that Defendant is not entitled to relief. Courts in this Circuit have uniformly held that Booker and Blakely are not retroactively applicable to cases on collateral review in the context of initial Section 2255 motions. See e.g. Breazeale v. United States, 2005 WL 950618, *2-5 (E.D. Pa. Apr. 21, 2005) (collecting cases). The Court is persuaded by the analysis espoused by these courts that under Teague v. Lane, 489

U.S. 288 (1988), Blakely and Booker cannot be applied retroactively to cases on collateral review. Further, Defendant has not demonstrated that relief is appropriate under the provisions of Rule 60(b). With respect to Rule 60(b)(6) in particular, "intervening developments in the law by themselves rarely constitute extraordinary circumstances," Agostini v. Felton, 521 U.S. 203, 239 (1997), unless such a change "calls into serious question the correctness of the court's judgment." United States v. Enigwe, 320 F. Supp. 2d 301, 308 (E.D. Pa. 2004) (citations omitted). Because neither Booker nor Blakely are applied to cases on collateral review, the Court concludes that Defendant has not demonstrated that relief is appropriately granted under Rule 60(b) based on the intervening changes in the law effectuated by Booker and Blakely.[1] Accordingly, whether Defendant's claim is adjudicated under Rule 60(b) or Section 2255, the Court concludes that Defendant is not entitled to relief.

Further, Defendant's Rule 60(b) motions may, in the alternative, be considered second or successive Section 2255 motions, because Defendant does not challenge the Court's

---

[1] See United States v. Enigwe, 2005 WL 928536, *3-8 (E.D. Pa. Apr. 18, 2005) (denying motion under Rule 60(b) seeking to apply Blakely and Booker retroactively to a case on collateral review); United States v. Charles, 2005 WL 823868, *1 (E.D. Pa. Apr. 7, 2005) (denying Rule 60(b) motion based on Blakely because, in addition to being untimely, Blakely has no retroactive application).

7

disposition of his first Section 2255, but raises new claims and requests resentencing. Pridgen, 380 F.3d at 727. To the extent the Court adjudicated Defendant's previous Section 2255 Motion on the merits, Defendant's Rule 60(b) motions are considered second or successive motions requiring authorization from the Third Circuit. To obtain authorization from the Third Circuit, Defendant must make "a prima facie showing that the application satisfied the requirements of this subsection." In re Anthony Bola Olopade, 403 F.3d 159, 162 (3d Cir. 2005). Reading Section 2255 and Section 2244(b)(3)(C) together, this requires Defendant to demonstrate that his second motion relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." Id. In Olopade, the Third Circuit expressly concluded that Booker is not retroactively applicable to cases on collateral review in the context of a second or successive Section 2255 motion. Id. Because Defendant has not obtained authorization from the Third Circuit to present second or successive Section 2255 motions, the Court will, in the alternative, dismiss Defendant's Rule 60(b) Motions, recharacterized as second or successive Section 2255 motions, for lack of jurisdiction.[2]

---

[2] See United States v. Golden, 2005 WL 950610, *1-2 (E.D. Pa. Apr. 22, 2005) (denying second section 2255 motion requesting modification of sentence based on Booker, because Booker is not retroactively applicable to cases on collateral review and Defendant failed to obtain authorization from Third Circuit to

CONCLUSION

For the reasons discussed, the Court will (1) deny as moot Defendant's motions to supplement the record as it relates to his original Section 2255 motion; (2) deny his motion for modification of sentence; (3) grant his motions to amend his Rule 60(b) motions; (4) deny his Rule 60(b) motions, and (5) in the alternative, dismiss his Rule 60(b) motions, recharacterized as second or successive Section 2255 motions, for lack of jurisdiction.

An appropriate Order will be entered.

---

present a second § 2255 motion).

9