RECEIVED
o+2-
JUN 23 2005
D.C.
U.S.C.A. 3rd. CIR.

# THE UNITED STATES COURT OF APPEALS
## FOR THE THIORD CIRCUIT

UNITED STATES OF AMERICA,

                                                        Crim. No. : 99-033-2-JJF
                                                        Civ. No. : 03-029-JJF

V.

LEROY COLEY,
      Petitioner/Appellant

## PETITIONER'S NOTICE OF A COA FOR A 60(b)

### FACTUAL BACKGROUND

The petitioner and four other individuals were charged in a multiple count indictment for various drug offenses. Two of the five defendants plead guilty and testified as government witnesses at the petitioner's trial. After a ten day trial, the petitioner was convicted of count v (five) of the indictment, which charged petitioner with Possession with the intent to distribute cocaine base, as known as 'crack', in violation of 21 U.S.C 841 (a)(1)(b)(1)(A), and acquitted of conspiracy. Petitioner was sentenced by the Honorable Roderick R. McKelvie to 121month term of imprisonment in addition to five years of supervised release.

   The petitioner appealed his conviction and sentence to the Third Circuit Court of Appeals. The court affirmed the conviction stating, that the drug quantity would stand under the preponderance of the evidence standard' pre-Blakely.

   However, the U.S. Supreme Court vacated the term of supervised release imposed by the court and remanded the matter for re-sentencing pursuant

to <u>Apprendi</u> and § 841(b)(1)(C).

The Honorable Roderick R. McKelvie gave the the petitioner the minimum participant role in the offense and the low end of the guideline range. The judge expressed how he thought that the punishment was harsh at the sentencing hearing, although pre-Booker, he could not depart pursuant to the mandatory nature of the guidelines, which have now been found 'unconstitutional'.

The petitioner's § 2255 was denied on February 1, 2004. Petitioner didn't recieve his response until July, 2005. The Honorable Judge Farnan had already denied petitioner's COA without allowing the petitioner a chance to apply for a COA. At this time, petitioner was being held in state custody from January 2004 through January 2005, and was not aware that he could still apply for a COA. The petitioner was being held in Delaware Correctional Center, in Smyrna, Delaware. The prison had little to no State Law and no Federal Law Library material, nor was there any knowlegeable staff that understood federal law. Due to the lack of re-sourcess, Petitioner filed a Civil Lawsuit against the prison on August 2004. (Dst. W.)

## REASONS FOR GRANTING MOTION

1.) The petitioner was denied a COA before he even filed one. A court cannot sidestep the COA process by first deciding the merits of an appeal, and then justifying its denial of COA based on its own adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 123 S. Ct. 1029, 154 L.Ed.2d 931 (2003).

(2.) The court has held only "extaordinary and special circumstances, justify relief." <u>Page v. Schweiker</u>, 786 F.2d 150,158 (3rd Cir. (1986). The court has also said

The court also said, "unless a change calls into serious question the correctness of the court's judgement", <u>Agostini v. Felton</u>, 521 U.S. 203, 239 (1997).

Petitioner would argue the court misapplying <u>Apprendi v. New Jersey</u>, calls into serious question, the correctness of the court's judgement. The courts misinterpretation of <u>Apprendi</u> cost the petitioner undue prejudice and "undermined the integrity of the court." The court's misjudgement cost the petitioner a number of his constitutional rights; Sixth Amendment right to trial by jury, Fifth Amendment Due Process and Grand Jury Clause, and Fourteenth Amendment right to Equal Protection Clause. The petitioner would argue this being an 'extraordinary and special circumstance that justifies relief." The mis-applying of <u>Apprendi</u> is misconduct on the Government's behalf. It is no longer equitable that the judgement should have prospective application. It is the court's duty to protect the integrity of presumption of innocence.

WHEREFORE, for all of the above reasons and in the interest of justice and fairness, the petitioner respectfully request that his Motion is granted.

Respectfully,

*Leroy Coley*
Leroy Coley

17 June 2005

# CERTIFICATE OF SERVICE

I, Leroy Coley, Petitioner herein, do hereby certify that an original and two copies of the foregoing filing has been furnished upon the Office of Clerk for The Third Circuit Court of Appeals.

To: Clerk of The Court
U.S Court of Appeals for The Third Circuit
21400 United States Courthouse
601 Market Street
Phila, P.A 19106-1790

To: _____

To: _____

To: _____

I declare under penalty of perjury that the foregoing is true and correct. Executed on this day 17 of June, 2005

Leroy Coley # 04183-015
Ft. Dix, NJ
FCI Ft. Dix
P.O Box 7000
Ft. Dix, N.J 08640

Roy Coley #04183-015
1) Federal Correctional Institution
1) Box 7000
10: x, N.J. 08640

Legal

RECEIVED
JUN 23 2005
U.S.C.A. 3rd

Clerk of The Court
Third Circuit Court of Appeals
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

U.S.M.S.
X-R-M
Appeals

Legal

FCI FORT DIX (ISM/MAILROOM)
P.O. BOX 33
FORT DIX, NEW JERSEY 08640    6/21/05

THE ENCLOSED LETTER WAS PROCESSED THOUGH SPECIAL MAIL PROCEDURES. THIS LETTER HAS BEEN NEITHER OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MATERIAL. IF THE WRITER ENCLOSES CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESS OR INCLUDES UNAUTHORIZED ITEMS, PLEASE RETURN TO THE ABOVE ADDRESS

Legal Mail