IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,            :
                                     :
            Plaintiff,               :
                                     :
        v.                           :   Criminal Action No. 99-033-2-JJF
                                     :
                                     :
LEROY COLEY,                         :
                                     :
            Defendant.               :
                                     :

Colm F. Connolly, Esquire, United States Attorney, Richard G. Andrews, Esquire, First Assistant United States Attorney of the UNITED STATES DEPARTMENT OF JUSTICE, Wilmington, Delaware. Attorney for Plaintiff.

Leroy Coley, Pro Se Defendant.

## MEMORANDUM OPINION

July 8, 2005
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is a Motion For Modification Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) (D.I. 204) filed by Defendant, Leroy Coley. For the reasons discussed, the Court will deny Defendant's Motion.

## BACKGROUND

Defendant and four other individuals were charged in a multiple count indictment for various drug offenses. Two of the five defendants pled guilty and testified at Defendant's trial as government witnesses. After a ten day jury trial, Defendant was convicted of Count V of the Indictment which charged Defendant with possession with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). On March 3, 2000, Defendant was sentenced by the Honorable Roderick R. McKelvie to 121 months imprisonment and five years of supervised release.

Defendant appealed his conviction and sentence, and the Court of Appeals for the Third Circuit affirmed Defendant's conviction and his term of imprisonment. However, the Third Circuit vacated the term of supervised release imposed by the Court and remanded the matter so that the Court could impose a supervised release term of three years. Defendant was resentenced on June 25, 2001.

Defendant has filed a timely Motion pursuant to 28 U.S.C. §

1

2255, which this Court has addressed by separate Memorandum Opinion and Order. By the instant Motion, Defendant requests the Court to modify his sentence pursuant to Amendment 640 of the United States Sentencing Guidelines.

## DISCUSSION

By his Motion, Defendant contends that a modification of his sentence is appropriate based on Amendment 640, because Judge McKelvie found that Defendant had a mitigating role in the offense and awarded Defendant a two level base offense reduction. As a result of this reduction, Judge McKelvie reduced Defendant's base offense level from 34 to 32. Defendant was sentenced according to a sentencing range of 121-151 months based on a final base offense level of 32 and a criminal history category of I. Defendant contends that his sentence "should be adjusted or capped at Level 30 pursuant to the Amendment to U.S.S.G. 3B1.2." (D.I. 204 at ¶ 2).

Pursuant to 18 U.S.C. § 3582(c)(2), the Court is authorized to reduce the sentence of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, a modification of sentence is only appropriate if (1) the defendant's sentencing range would have

2

been lower if the amendment had been in effect at the time of his sentencing, and (2) the amendment is retroactive.

Although Defendant's sentencing range would be lower if Amendment 640 was in effect at the time of his sentencing, Amendment 640 is not retroactive. United States v. Turner, 128 Fed. Appx. 941, 2005 WL 995512 (3d Cir. Apr. 29, 2005) (concluding that Amendment 640 is substantive and should not be given retroactive effect); see also United States v. Garcia, 339 F.3d 116, 120 (2d Cir. 2003) (concluding that Amendment 640 does not apply retroactively and declining to remand for sentencing modification); United States v. Cruz-Alcala, 338 F.3d 1194, 1201 (10th Cir. 2003). Accordingly, Defendant is not entitled to a modification of his sentence.

## CONCLUSION

For the reasons discussed, Defendant's Motion For Modification Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) will be denied.

An appropriate Order will be entered.

3