ORIGINAL

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEROY COLEY III<br><br>*Appellant*<br><br>vs.<br><br>UNITED STATES OF AMERICA | Cr. A.N. 99-33-02-JJF<br>Civil Action No. 03-029-JJF |

## PETITIONER'S DELAYED NOTICE OF APPEAL

## FOR A DIRECT APPEAL AFTER RE-SENTENCING.

FILED OCT 14 2005 U.S. DISTRICT COURT DISTRICT OF DELAWARE

### FACTUAL BACKGROUND

Petitioner and four individuals were charged in a multiple count indictment for various drug offenses. Two of the five defendants pled guilty and testified at petitioners trial as witnesses for the United States Government. After a ten-day, jury trial, the petitioner was acquitted of **Count I Conspiracy** and convicted of **Count V** of the indictment which charged the petitioner in Violation of, *21 U.S.C. 841(a)(1)(b)(1)(A)*, *Possession with Intent to distribute cocaine Base, a.k.a. crack*. The petitioner was sentenced by the **Honorable** Roderick R Mckelvie to 121 months imprisonment and five years of supervised release.

The Petitioner appealed both his conviction and sentence to The Court of Appeals for the Third Circuit. The petitioner was remanded back to the District Court by the Third Circuit Court of Appeals. The Third Circuit *vacated the terms of supervised release* imposed from five years to three years. However, the Third Circuit said; " *the drug quantity would stand under the " preponderance of the evidence standard."* The petitioner was re-sentenced under

Apprendi 21 U.S.C. 841(a)(1),(b)(1)(C).

## **REASONS FOR GRANTING MOTIONS**

The petitioner was not informed by counsel that *after* re-sentencing, petitioners' appeal process would start over. Petitioner, as the record clearly states; has been exhausting all possible remedies, and sent numerous letters to both counsel and the Court, before and after petitioners trial regarding, petitioners' concern for effective assistance of counsel. The Petitioner, until recently was unaware of petitioners right to begin the appellate process again after re-sentencing. Clearly had the petitioner known of his rights petitioner, would have exercised those rights, also. Petitioner asked counsel repeatedly to exhaust any and all remedies possible. Petitioner had a jury trial.

A convicted individual is entitled to effective assistance of counsel at sentencing. In **Glover vs. United States, 531 U.S.198, 121 S. Ct .696,148 L. Ed.2d 604 (2001)**, the Court acknowledged *"A single serious error of counsel may violate the Sixth Amendment right of the individual to effective assistance."* Also cited in **Murray vs. Carrier, 477 U. S. 478,496 (1986), United States vs. Cronic, 466 U. S.648, 657 n.20(1984), United States vs. Elliot Diaz 1997 WL 18 334 (ED PA), Yohn, J.), see also Smith vs. United States 871 F.Supp 251( EDVA) 1994. Roe vs Flores-Ortega 145 L.Ed 2d 985(2000) states:**

Under the Federal Constitution's Sixth Amendment, of ineffective assistance of counsel, the complete denial of counsel during a critical stage of a judicial proceeding which includes appeal- mandates a presumption of prejudice, because, the adversary process itself has been rendered presumptively unreliable, moreover, the denial of the entire judicial proceeding , which a defendant wants and to which the defendant has a right, demands a presumption of prejudice because no presumption of reliability can be accorded to judicial proceedings that never took

place.

Counsel, here, was constitutionally ineffective for failing to notify the petitioner of the restart of his appeal process, Failing to file a notice of appeal, and failing to have the government make all of the requisite findings to support petitioners' sentence. Subsequently, at sentencing petitioner objected to the drug quantity as counsel refused to do so. Counsel is obligated to raise any and all claims as well as exhaust all remedies that substantially affect petitioners rights..

**WHEREFORE,** Petitioner Prays that the Court will grant his motion.

On this __20__ day of, 2005, _Sept_

*Leroy Coley III*
Leroy Coley III 04188-015
FCI Fort DIX
Po Box 7000
Fort DIX, NJ 08640

**cc:**   Leroy Coley III

# CERTIFICATE OF SERVICE

I, Leroy Coley, petitioner; do hereby certify that on this 20 th day of, September A. D., 2005, I have furnished the original and (4) copies of the foregoing file upon the following individual(s) at the following addresses(es)

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT

844 North King Street, Lockbox 18
Wilmington, Delaware 19801-3570

I declare under the penalty of perjury that the foregoing is true and correct as executed on this 20 th day of, 2005. Sept.

*Leroy Coley III*
Leroy Coley III
F.C.I. Fort DIX
Po Box 7000
Fort DIX, N. J 08640

L. Coley
F.C.I. Ft. Dix
P.O. Box 7000
Ft Dix, N.J. 08640



RETURN RECEIPT REQUESTED

Office of the Clerk
U.S. District Court
844 N. King Street
Lockbox 18
Wilm De 19801-3570