ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LEROY COLEY,
    Petitioner
    v.

UNITED STATES OF AMERICA,
    Respondent

Crim. A. No. 99-033-2-JJF

Civil A. No. 03-029-JJF

### MOTION FOR AN OUT-OF-TIME APPEAL

FILED
FEB 24 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### FACTUAL BACKGROUND

Petitioner and four other individuals were charged in a multiple-count indictment for various drug offenses. Two of the five defendants pled guilty and testified at Petitioner's trial as government witnesses. After a ten-day jury trial, Petitioner was convicted of Count V of the indictment which charged Petitioner with possession with intent to distribute cocaine base, a.k.a. crack, in violation of 21 U.S.C. § 841 (a)(1) & (b)(1)(A) and acquitted of Count I, conspiracy. Petitioner was sentenced by the Honorable Roderick R. McKelvie to 121 months imprisonment and five years of supervised release.

Petitioner appealed his conviction and sentence. Petitioner was remanded back to the District Court.

However, the Third Circuit Court of Appeals vacated the sentence imposed by the District Court and remanded the matter. The petitioner was re-sentenced under Apprendi, 21 U.S.C. 841 (a)(1) & (b)(1)(C), and the court imposed a supervised release term of three years, instead of four.

COMES NOW, Leroy Coley, PRO SE, asks THE HONORABLE COURT to grant his **MOTION FOR AN OUT-OF-TIME APPEAL** for the following reasons:

REASON FOR GRANTING MOTION

Counsel was ineffective for not filing a notice of appeal after Petitioner was re-sentenced under Apprendi. Petitioner repeatedly asked Counsel to exhaust any and all remedies available. The records clearly reflect that the petitioner has exhausted any and all remedies known/available to him.

A criminal is entitled to effective assistance of counsel at sentencing:

Glover v. United States, 531 U.S. 198,121 S.Ct. 696,148 L.Ed.2d. 604 (2001):

> "A single serious error of counsel may violate the Sixth Amendment right to effective assistance of counsel. Murray v. Carrier, 477 U.S. 478,496 (1986); United States v. Cronic, 466 U.S. 648,657 n.20 (1984); United States v. Elliot Diaz, 1997 WL 180334 (E.D. PA, Yohn, J.). See also Smith v. United States, 871 F.Supp. 251 (E.D. VA, 1994).

Gomez-Diaz v. United States, 11th Circ., No. 04-11105, (12/20/05); see also United States v. Garrett, 402 F.3d. 1262 (10th Circ. 2005):

> "A defendant who executed a limited waiver of his right to appeal his sentence and who later claimed that his attorney provided ineffective assistance of counsel by disregarding his instructions to file an appeal, does not have to identify a meritorious ground for his appeal outside the scope of his waiver in order to be entitled to an out-of-time appeal. The petitioner later sought an out-of-time appeal on the ground that he was denied his

3

Sixth Amendment right to effective assistance of counsel when his lawyer failed to do so. The motion was granted.

In the case at hand, Petitioner went to trial and gave up no rights. Petitioner signed no waiver and admitted no guilt. Petitioner clearly intended to exhaust any and all remedies available and repeatedly asked Counsel to exhaust any and all remedies.

Roe v. Flores-Ortega, 528 U.S. 470 (2000):

The U.S. Supreme Court addressed an ineffective assistance claim based on Counsel's failure to file an appeal, and the Court concluded: "It would be unfair to require an indigent, perhaps pro se, defendant to demonstrate that his hypothetical appeal might have had merit...Rather, we require the defendant to demonstrate that, but for Counsel's deficient conduct, he would have appealed. Under the Federal Constitution Sixth Amendment of effective assistance of counsel, the complete denial of counsel during a critical stage of a judicial proceedings which includes appeals mandates a presumption of prejudice because the adversary process itself has been presumptively unreliable; moreover, the denial of the entire judicial proceeding, to which a defendant has a right, demands a presumption of prejudice because no presumption of reliability can be accorded to judicial proceedings that never took place. It is not enough that a lawyer is present at trial alongside the accused (Strickland v. Washington, 466 U.S. 668,685 (1984))."

4

Here the record reflects just that. The petitioner has exhausted any and all remedies known/available to him.

Counsel was constitutionally ineffective for failing to exhaust any and all remedies available, as asked by Petitioner. Counsel failed to file a notice of appeal.

"Filing such a notice is a purely ministerial task that imposes no great burden on counsel" and serves "to ensure that criminal defendants receive a fair trial." (Id. at 993) There is no reasonable explanation for Counsel's failure to proceed as instructed, for even if Petitioner's request was not properly construed by defense counsel; at the very least he had a "constitutionally imposed duty to consult with the defendant about an appeal when there is a reason to think that...(2) that this particular defendant reasonably demonstrated to Counsel that he was interested in appealing." (Id. at 997)

WHEREFORE, Petitioner prays the Court grants his Motion.

On this 16 day of February, 2006.

*Leroy Coly*
Leroy Coley #04183-015
Building 5851
West Compound
Federal Corr. Institution
P.O. Box 7000
Fort Dix, NJ 08640

cc:

5

IN THE UNITED STATES DISTRICT COURT
FOR THE         DISTRICT OF DELAWARE

UNITED STATES OF AMERICA )
)
)
vs. ) CRIMINAL NUMBER: 99-033-2-JJF
LEROY COLEY ) Civil.A.N. 03-029-JJF
)
)

### PRO SE CERTIFICATE OF SERVICE

I, Leroy Coley                    , ___ herein, do hereby certify that an original and two copies of the foregoing filing has been furnished upon the Office of Clerk for the United States District of DELAWARE  :

OFFICE OF THE CLERK
U.S. DEPARTMENT OF JUSTICE
UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

And a true and correct copy has been furnished upon the Office of the United States Attorney for the       District of DELAWARE :

ASSISTANT UNITED STATES ATTORNEY
UNITED STATES ATTORNEY
DEPARTMENT OF JUSTICE
DISTRICT OF DELAWARE

I declare under penalty of perjury that the foregoing is true and correct. Executed on this day 16    of February , 19 2006.

*Leroy Coley*
Leroy Coley #04183-015
FCI Ft. Dix
P.O. Box 7000
Ft. Dix, N.J. 08640



Leeroy Coley #04783-015
Federal Correctional Institute
P.O Box 7000
Ft. Dix, N.J 08640

CLERK OF COURT
District Court
844 N. King St.
Lock Box 18
Wilmington, D.E. 19801-3570