IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff/Respondent, )<br>)<br>v. )<br>)<br>LEROY COLEY, )<br>)<br>Defendant/Petitioner. ) | Criminal Action No. 99-33-JJF |

## RESPONSE TO MOTION FOR AN OUT-OF-TIME APPEAL

1. The Defendant's Motion (D.I. 309) should be summarily dismissed.

2. The Defendant's Motion is, in reality, a section 2255 motion. As such, it is barred by the Statute of Limitations. It is also a second or successive motion, and therefore cannot be filed without the permission of the Court of Appeals.

3. The Defendant states that his lawyer should have filed a notice of appeal from his re-sentencing. Assuming for the sake of argument that this is true, this Motion for an Out-of-Time Appeal is untimely. The Third Circuit's opinion, remanding the case for resentencing, was dated May 7, 2001, and the actual resentencing was imposed on June 25, 2001. (D.I. 181). Defendant also filed a petition for certiorari from the Third Circuit's decision on August 6, 2001, *see* D.I. 189, which was denied January 14, 2002. *See United States v. Coley*, 122 S.Ct. 904 (2002) & D.I. 191. Thus, any section 2255 motion filed more than one year from January 14, 2002, is untimely.[1] See 28 U.S.C. §2255.[2] This

---

[1] This is giving the Defendant the benefit of the doubt. It is possible that the time for filing a section 2255 motion relating to a failure to file an appeal from the June 25, 2001, re-sentencing should be measured from ten days after June 25, 2001 (when the time for filing a notice of appeal expired).

[2] None of the reasons why the statute of limitations might run from a later date than January 14, 2002, appears to be applicable.

motion appears to be a classic section 2255 motion, alleging that through ineffective assistance of counsel, the Defendant did not appeal his sentence. If this were timely, it would state a section 2255 claim.[3] Since, however, this motion was filed in February 2006, it is more than three years too late.

4. The Defendant already filed one section 2255 motion, on or before January 10, 2003. (D.I. 205). It was subsequently denied on February 9, 2004. (D.I. 246). Thus, the present motion would constitute a second[4] or successive section 2255 motion if it were construed as a 2255 motion. In that case, the motion must be "certified" by the Court of Appeals. Thus, if this is construed as a section 2255 motion, it should be dismissed because the Court of Appeals has not "certified" it.

5. Federal Rule of Appellate Procedure 4(b)(4) also provides for the possibility of getting an extension of time to file a notice of appeal, but the time period is very limited – only thirty days – and thus this Rule cannot help the Defendant.

**WHEREFORE**, the Court should dismiss the Motion. Whether it is treated as a late motion, or a second or successive 2255 motion, it should be dismissed for lack of jurisdiction.

                                                  COLM F. CONNOLLY
                                                  United States Attorney

By: /s/ Richard G. Andrews
      Richard G. Andrews
      First Assistant United States Attorney

Dated: 3/2/06

---

[3] Defendant had competent and experienced counsel (John Malik, Esq.), so the Government is not conceding there is any factual basis for the claim.

[4] Or possibly third. *See* D.I. 292 (recharacterizing some of the Defendant's other filings as second or successive 2255 motions).

2

## CERTIFICATE OF SERVICE

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
|                                 ) | |
|       Plaintiff/Respondent,              ) | |
|                                 ) | |
| v.                                                                    ) | Crim. Action No. 99-33-JJF |
|                                 ) | |
| LEROY COLEY,                                            ) | |
|                                 ) | |
|       Defendant/Petitioner.              ) | |

I, Sharon Bernardo, an employee of the Office of the United States Attorney for the District of Delaware, hereby certify under penalty of perjury that on March 2, 2006, I served the foregoing:

**RESPONSE TO MOTION FOR AN OUT-OF-TIME APPEAL**

by causing two copies of said document to be placed in a postage prepaid envelope, placed in the United States Mail, and addressed to pro se defendant/petitioner as follows:

> Leroy Coley
> Reg. No. 0418-015
> Fort Dix (F.C.I.)
> P.O. Box 7000
> Fort Dix, NJ   08640

/s/ Sharon Bernardo