UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LEROY COLEY,
    Petitioner

v.

UNITED STATES OF AMERICA,
    Respondent

Crim. A. No. 99-033-2-JJF

Civil A. No. 03-029-JJF

FILED
MAR 2 4 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Application For A Certificate Of Appealability

### FACTUAL BACKGROUND

Petitioner and four other individuals were charged in a multiple-count indictment for various drug offenses. Two of the five defendants pled guilty and testified at Petitioner's trial as government witnesses. After a ten-day jury trial, Petitioner was convicted of Count V of the indictment which charged Petitioner with possession with intent to distribute cocaine base, a.k.a. crack, in violation of 21 U.S.C. § 841 (a)(1) & (b)(1)(A) and acquitted of Count I, conspiracy. Petitioner was sentenced by the Honorable Roderick R. McKelvie to 121 months imprisonment and five years of supervised release.

Petitioner appealed his conviction and sentence. Petitioner was remanded back to the District Court.

However, the Third Circuit Court of Appeals vacated the sentence imposed by the District Court and remanded the matter. The petitioner was re-sentenced under Apprendi, 21 U.S.C. 841 (a)(1) & (b)(1)(C), and the court imposed a supervised release term of three years, instead of four.

COMES NOW, Leroy Coley, pro se, respectfully asks THE HONORABLE COURT to grant his CERTIFICATE OF APPEALABILITY for the following reasons:

- Petitioner is not denying the Federal Rules of Appellate Procedure. Petitioner is arguing Counsel's failure to file a notice of appeal and his entitlement to an out-of-time appeal. (See Gomez-Diaz v. United States, 11th Cir., No. 04-11105)

- Petitioner went to trial and has exhausted all remedies known to him. It is evident on its face the petitioner meant for Counsel to proceed with an appeal. Petitioner sent numerous letters to Counsel expressing his interest in exhausting all remedies available.

- Petitioner is arguing his attorney provided ineffective assistance of counsel by disregarding his instructions to file all appeals and exhaust any or all remedies available, in which the petitioner was entitled. Counsel was surely ineffective. If appealant's counsel was compentent he would have at least filed an Anders Brief if not a notice of appeal.

Gomez-Diaz v. United States, 11th Cir., No. 04-11105:

> The U.S. Court of Appeals for the 11th Circuit held a Defendant does not have to identify a meritorious ground for his appeal outside the scope of his waiver in order to be entitled to an out-of-time appeal.
>
> As part of a plea agreement, the petitioner in this case waived "the right to appeal [his] sentence, directly or collaterally, on any ground...except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law, apart from the sentencing guidelines." The petitioner later sought an out-of-time appeal on the

2

ground that he was denied his Sixth Amendment right to effective assistance of counsel when his lawyer, though asked to appeal, failed to do so.

In the case at hand, Petitioner went to trial and gave up no rights. Petitioner signed no waiver and admitted no guilt. Petitioner clearly intended and/or intends to exhaust all remedies available and repeatedly asked Counsel to do so.

Roe v. Flores-Ortega, 528 U.S. 470 (2000):

The U.S. Supreme Court addressed an ineffective assistance claim based on Counsel's failure to file an appeal, and the Court concluded: "It would be unfair to require an indigent, perhaps pro se, defendant to demonstrate that his hypothetical appeal might have had merit...Rather, we require the defendant to demonstrate that, but for Counsel's deficient conduct, he would have appealed. Under the Federal Constitution Sixth Amendment of effective assistance of counsel, the complete denial of counsel during a critical stage of a judicial proceedings which includes appeals mandates a presumption of prejudice because the adversary process itself has been presumptively unreliable; moreover, the denial of the entire judicial proceeding, to which a defendant has a right, demands a presumption of prejudice because no presumption of reliability can be accorded to judicial proceedings that never took place. It is not enough that a lawyer is present at trial alongside the accused (Strickland v. Washington, 466 U.S. 668,685 (1984))."

3

Here, Counsel was clearly constitutionally ineffective. Counsel clearly took it upon himself to sidestep one of the petitioner's crucial remedies in attacking his case. The petitioner is asking for the court to give the petitioner a "fair" chance to demonstrate the "injustices" that were put upon the petitioner during trial, of which clearly Counsel contributed. None of Counsel's errors in this case can be championed as tactical decisions but rather Counsel's unfaithful "sacrifice of [an] unarmed prisoner to gladiators." (United States v. Cronic, 466 U.S. 648,657 (1984)). Accordingly, Counsel failed to function in any meaningful sense as the Government's adversary. The right to counsel is the right to the effective assistance of counsel. Despite these time-honored rules, Counsel functioned more as "a friend of the Court" than "an advocate for the Defendant." (Jones v. Barnes, 463 U.S. 745,758 (1983); Brennan, J. dissenting).

In Roe v. Flores-Ortega, it was clearly expressed that:

"Filing such a notice is a purely ministerial task that imposes no great burden on Counsel" and serves "to ensure that criminal defendants receive a fair trial." There is no reasonable explanation for Counsel's failure to proceed as instructed, for even if Petitioner's request was not properly construed by defense counsel; at the very least he had a "constitutionally imposed duty to consult with the defendant about an appeal when there is a reason to think that...(2) that this particular defendant reasonable demonstrated to Counsel that he was interested in appealing."

4

Glover v. United States, 531 U.S. 198; 121 S.Ct. 696,148 L.Ed.2d. 604 (2001):

> "A single serious error of counsel may violate the Sixth Amendment right to effective assistance of counsel." (See Murray v. Carrier, 477 U.S. 478,496 (1986); United States v. Cronic, 466 U.S. 648,657 n.20 (1984); United States v. Elliot Diaz, 1997 WL 180 334 (E.D.P.A., Yohn, J.). See also Smith v. United States, 871 F.Supp. 251 (E.D. VA, 1994).

Counsel failing to file a notice of appeal clearly violated the petitioner's rights (Fourteenth Amendment Due Process Clause and Sixth Amendment Right to effective assistance of counsel). Petitioner asks the Court to give him his "due justice" and his "fair" chance in court. Counsel side-stepping one of Petitioner's due remedies should be made right by the court. Petitioner asks the Court to accept his out-of-time appeal, accept his notice of appeal, and allow the wrong to be made right. Petitioner clearly demonstrated his interest in exhausting any and all remedies. Petitioner was clearly prejudiced and asks for his due process. Petitioner asks if this is not the proper way to remedy this situation, please inform the petitioner otherwise.

WHEREFORE, for all of the reasons and in the interest of justice and fairness, Petitioner respectfully request that THE HONORABLE COURT accept his Certificate of Appealability and/or accept his out-of-time appeal.

On this 15 day of March 2006.

cc:

Leroy Coley #04183-015
Bldg. 5851 FCI - Ft. Dix
P.O. Box 7000
Fort Dix, NJ  08640

5

CERTIFICATE OF SERVICE

I, **Leroy Coley**, hereby certify that I have served a true and correct cop(ies) of the attached: **APPLICATION FOR A CERTIFICATE OF APPEALABILITY** upon the following parties/person(s):

TO: **CLERK OF COURT**
**United States District Court**
**844 N. King St., LockBox 18**
**Wilmington, DE. 19801-3570**

TO: _____

TO: **Richard Andrews, Esq.**
**United States Attorney Office**
**District of Delaware**
**1007 Orange St., Suite 700**
**P.O. Box 2046**
**Wilmington, D.E. 19899-2046**

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977, postage to be paid by the Dept. of Corrections.

On this **15** day of **March**, 200**6**.

*Leroy Coley*
Leroy Coley #04183-015
FCI Ft. Dix
P.O. Box 7000
Ft. Dix, N.J. 08640



Leroy Coley #04183-015
Federal Correctional Institute
P.O. Box 9000
Ft. Dix, N.J.

CLERK OF COURT
United States District Court
844 N. King St., Lock Box 18
Wilmington, D.E. 19801-3570